IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| CHRISTINA M. AREVALO , | ) | CASE NO. 08-06359-HO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| OREGON DEPARTMENT OF | ) | |
| TRANSPORTATION and RANVIR SINGH | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Plaintiff Christina Arevalo (Arevalo) brings this employment discrimination lawsuit against her current employer, Oregon Department of Transportation (ODOT). [#1].  Plaintiff originally alleged claims for violation of Title VII, 42 U.S.C. §2000e based on sex, race, and color discrimination, retaliation and hostile work environment; violations of her rights under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 *et seq* including claims of disparate treatment, retaliation and hostile

work environment and similar claims under state law ORS 659A.030;
racial discrimination pursuant to 42 U.S.C. §1981 as well as an
equal protection claim pursuant to 42 U.S.C. §1983 against her
supervisor Ranvir Singh.  *Id.*  Subsequent to discovery however,
plaintiff agreed to dismiss "her age claims and claims brought
pursuant to 42 U.S.C. §1981." [#45].  Plaintiff has also agreed
to dismiss all of her state law claims.  *Id.*

Ms. Arevalo has Title VII and 42 U.S.C. §1983 claims still
remaining before this court. [#45, #51]  She seeks "equitable
relief, [unspecified] economic and non-economic damages" as well
as fees and costs.  (#1).

Defendants move for summary judgment against all of
plaintiff's remaining claims arguing that none of defendants'
alleged behavior rises to the level of a constitutional violation
and indeed most of her allegations have already been addressed
through grievance proceedings under her Collective Bargaining
Agreement (CBA). [#26, #27].

DISCUSSION

**A. Plaintiff's Motion to Dismiss:**

Although plaintiff has neither filed a Motion to Dismiss nor
an amended complaint, the court hereby construes her agreement to
dismiss various claims as stated in her Memorandum of Law in
Response to Defendants' Motion for Summary Judgment (#45-p.35),
as a Motion to Dismiss her age discrimination claims, her 42

2 - ORDER

U.S.C. § 1981 claims and her state law claims.  So construed,
plaintiff's motion to dismiss these claims is granted - these
claims are dismissed.

**B.    Undisputed Facts:**

Plaintiff, Christina Arevalo, a female of Hispanic ancestry,
began working with ODOT in 2003 as a "Photogrammetric Survey
Associate" and is still working in this capacity with ODOT.  Her
ODOT supervisor is Ranvir Singh.

Mr. Singh gave Ms. Arevalo a positive performance evaluation
for the period of February 1, 2003 through February 1, 2004, her
first year of employment.  ODOT performance evaluations have
rating criteria that are on a scale beginning with a top score of
"Exceptional",and progresses down through "Exceeds expectations",
"Meets expectations", "Needs Improvement",to the lowest score of
"Unsatisfactory." (#29-Ex D,E,F,I).

Mr. Singh next gave plaintiff a performance evaluation for
the period of February 1, 2004 through July 1, 2005, in which Ms.
Arevalo was evaluated as "meets expectations" in all areas except
"Positive Behavior/teamwork" and "Interpersonal Skills" - in both
of those categories she received "Needs Improvement" scores.
(#29-Ex F).  The parties agree that during her ODOT employment,
plaintiff and her male co-workers have had difficulty working
together.

Plaintiff was next evaluated for the period between July 1,

2005 and January 8, 2007.  This evaluation identified five areas
in which she met expectations, six areas needing improvement and
unsatisfactory scores in "Positive Behavior/teamwork" and
"Interpersonal Skills."  (#29-Ex E).  Finally, plaintiff was
evaluated by Mr. Singh for the period of January 8, 2007 through
May 1, 2007.  (#29-Ex D).  In this evaluation Ms. Arevalo
received eight scores of 'meets expectations' and five (including
"Positive Behavior/teamwork" and "Interpersonal Skills") in which
she was scored as 'needing improvement'.

     In July 2007, plaintiff filed a grievance under the
provisions of her CBA complaining that Mr. Singh had, in
violation of Article 23, section 2, given her three performance
appraisals within a one-year period and requesting that they be
removed from her personnel file.  (#1-¶ 16; #29-Ex G).  ODOT
responded to this grievance by rescinding plaintiff's three
performance evaluations and purging the three performance
appraisals at issue on November 13, 2007 and on December 10,
2007, replacing them with an evaluation for June 1, 2006 through
May 31, 2007. (#29-Ex H; #1-¶ 20).  Plaintiff was then told that
she would not be given an evaluation for the period of February
2004 through May 2006.  (#1-¶ 20; #28-¶ 10)..

     In her December 10, 2007, performance evaluation for the
June 1, 2006 through May 30, 2007 period, plaintiff was scored as
'meeting expectations' in six areas and 'needing improvement' in

4 - ORDER

seven others including "Positive Behavior/teamwork" and
"Interpersonal Skills." (#29-Ex I).  Plaintiff responded to this
evaluation by filing another grievance on December 27, 2007,
objecting to the evaluation and requesting its removal from her
file.  (#42-Ex J).

On April 10, 2008, plaintiff received a written reprimand
from Mr. Singh regarding plaintiff's allegations about another
employee unethically clocking overtime which she made in a
general staff meeting on December 17, 2007. (#1-¶ 23; #29-Ex L).
In a letter dated April 27, 2009, plaintiff was informed that HR
had removed the April 10, 2008 letter of reprimand from her file.
(#46; #42-Ex O).

On May 20, 2009, plaintiff received another written
reprimand from Mr. Singh (which was placed in her personnel
file), in which he complained about plaintiff's allegedly
inappropriate behavior toward her co-workers, in e-mails and
directed her to correct her unprofessional behavior or suffer
further discipline up to and including dismissal from state
service.  (#42-Ex P).

Plaintiff's employment with ODOT is covered by a collective
bargaining agreement (CBA) between the Association of Engineering
Employees and the State of Oregon which, in Article 36, Section
2(A), specifically excludes resolution of grievances relating to
complaints of unlawful discrimination. (#42-Ex R, #43-Ex 8; #30-

5 - ORDER

Ex 3).  Plaintiff chose not to pursue arbitration in this matter because she believed it to be an act of discrimination which she understood was precluded under her CBA.

<u>Discussion</u>

**A.    Standard for Summary Judgment:**

Summary Judgment is not appropriate if a reasonable jury viewing the summary judgment record could find by a preponderance of the evidence that the plaintiff is entitled to a verdict in his/her favor. *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1027-28 (9th Cir.  2006).

A plaintiff alleging employment discrimination "need produce very little evidence in order to overcome an employer's motion for summary judgment.  This is because the ultimate question is one that can only be resolved through a searching inquiry - one that is most appropriately conducted by a fact-finder, upon a full record." *Chuang v. Univ. Cal. Davis*, 225 F.3d 1115, 1123-24 (9th Cir. 2000)(quoting *TX Dept. of Cmty Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).

In evaluating motions for summary judgment in the context of employment discrimination, the Ninth Circuit has emphasized "the importance of zealously guarding an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses." *McGinest v. GTE*

6 - ORDER

*Serv. Corp.,* 360 F.3d 1103, 1112 (9th Cir. 2004).

**B.    Title VII Discrimination/Disparate Treatment Claims:**

Title VII guarantees employees "the right to work in an environment free from discriminatory intimidation, ridicule and insult." *Meritor Sav. Bank, FSB v. Vinson,* 447 U.S. 57, 65 (1986). Ms. Arevalo claims she was discriminated against, retaliated against and subjected to a hostile work environment because of her sex, race and color in violation of 42 U.S.C. §2000e-2(a). [#1, pp 6-7].

A plaintiff may establish a *prima facie* case of disparate treatment by showing that (1) she belongs to a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *Chuang,* 225 F.3d at 1123. However, "[t]he requisite degree of proof necessary to establish a *prima facie* case for Title VII . . . claims on summary judgement is minimal and does not even need to rise to the level of preponderance of the evidence." *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir 1994)(citation omitted). Indeed "establishment of the *prima facie case* in effect creates a presumption that the employer unlawfully discriminated against the employee." *TX Dept. of Cmty Affairs,* 450 U.S. at 254.

The parties agree that Ms. Arevalo meets the first element.

As a female of Mexican/Hispanic descent she belongs to a protected class. Disputes arise among the parties regarding whether she has established the remaining elements.

Defendants contend that plaintiff's obvious lack of qualification for her job is demonstrated by her negative performance evaluations and argue that she therefore fails to meet the second element. Given plaintiff's positive evaluation at the end of her first year on the job and the low hurdle that she has to overcome, defendants' argument is unpersuasive. I find that for the purpose of summary judgment, plaintiff has established the second element necessary for a disparate treatment claim.

Similarly the parties disagree on whether plaintiff meets the third element. It is well established in the Ninth Circuit that an adverse employment action is one that "materially affects] the compensation, terms, conditions, or privileges of . . .employment." *Chuang,* 225 F.3d at 1126.

Plaintiff argues that the following nonexhaustive list demonstrates some of the adverse employment actions which she has suffered: reassignment from the laser scanning equipment survey crew; failure to seriously attend to her complaints of insubordination in the scanning crew that she was supervising; failure to give her a job title of surveyor even though there were instances of similarly situated Caucasian males being given

8 - ORDER

that title (both previous to her assuming that position and after
she left that field position); failure to issue her business
cards to use when she was out in the field (even though a lower
ranking Caucasian male employee was issued cards); failure to
give her an updated job description and retaliation against her
in the form of reprimands and negative evaluations because of she
complained about these matters.

Defendants disagree and argue that even if plaintiff's
above-listed assertions are true, they do not rise to the level
of adverse employment actions.  Defendants also argue that all
the negative evaluations and reprimands (except the last one),
have been removed form her personnel file so they do not qualify
as adverse employment actions.

Defendants argument ignores well established Ninth Circuit
law holding that warnings and negative performance reviews can
constitute adverse employment actions.  See e.g., Fonseca v.
Sysco Food Servs. of AZ, 374 F.3d 840, 848 (9th Cir. 2004)("A
warning letter or negative review also can be considered an
adverse employment action; see also Yartzoff v. Thomas, 809 F.2d
1371, 1376 (9th Cir. 1987)(negative performance review may
constitute an adverse employment action.0.

Based on the following uncontroverted facts: (1) that Ms.
Arevalo received multiple negative evaluations in close temporal
proximity to her complaints of discrimination; and (2) that those

were sufficiently inappropriate as to cause HR to remove them
from her file upon her complaint(s), I find that for the purposes
of summary judgment, plaintiff meets the third necessary element.

Plaintiff's assertions that similarly situated Caucasian
male co-workers were treated differently is disputed by
defendants.  However, defendants provide only self-serving
affidavits to dispute plaintiff's detailed allegations of
disparate treatment.

Defendants assertion of nondiscriminatory reasons for their
actions - in essence claiming that she suffered dissimilar
treatment because she was hard to get along with, that she was
aggressive and conflicted in her relationships with her co-
workers, and had negative evaluations based upon those conflicted
relationships - are, unconvincing.  Viewing plaintiff's
allegations in the light most favorable to her (the nonmoving
party), I find that she has established a *prima facie* case of
employment discrimination based upon her sex, race and color in
violation of her Title VII rights.

For the reasons stated above defendants' Motion for Summary
Judgment on plaintiff's claims of disparate treatment in
violation of her Title VII rights is denied.

**C.   Hostile Work Environment:**

A hostile work environment claim requires a plaintiff to
show that : (1) s/he was subjected to verbal or physical conduct

based on his/her race or national origin; (2) the conduct was
unwelcome; and (3) the conduct was "sufficiently severe or
pervasive to alter the conditions of employment and create an
abusive work environment." *Vasquez v. County of Los Angeles*, 349
F.3d 634, 642 (9th Cir. 2003). The conduct must constitute
discrimination made illegal under Title VII. *Oncale v. Sundowner
Offshore* Service Inc., 523 U.S. 75, 81 (1988).

To survive summary judgment on a hostile work environment
claim, a plaintiff must show a genuine factual dispute as to: (1)
whether a reasonable person would find the workplace so
objectively and subjectively hostile toward her as to create an
abusive work environment; and (2) whether the defendant failed to
take adequate remedial and disciplinary action. *McGinest v. GTE
Serv. Corp.,* 360 F.3d 1103, 1112 (9th Cir.2004). A plaintiff
must show that the work environment was *both* subjectively and
objectively hostile. *McGinest,* 360 F.3d at 1113.

In making the objective determination, the court must look
at all the circumstances, including the frequency, severity and
nature (i.e., physically threatening or humiliating as opposed to
merely verbally offensive), of the conduct. *Vasquez,* 349 F.3d at
642. The required severity of the conduct varies inversely with
its pervasiveness and frequency. *McGinest,* 360 F.3d at 1113.
Finally, the objective hostility of the environment must be
considered "from the perspective of a reasonable person belonging

11 - ORDER

to the racial or ethnic group of the plaintiff." *Id*. at 1115.

"[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious)" do not constitute a hostile or abusive work environment. *Faragher v. City of Boca Raton,* 524 U.S. 775, 788(1998).(internal quotation marks and citations omitted). A working environment is abusive if "hostile conduct pollutes the victim's workplace, making it more difficult for her to do her job, to take pride in her work, and to desire to stay on in her position." *Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1463 (9th Cir. 1994).

Ms. Arevalo bases her hostile work environment claims on: comments about her clothing and make-up made by her supervisors; a racist/sexist joke told by a supervisor in her presence - although the subject of the joke did not share her race or gender; a supervisor's comments to her about "Pepe and Pancho" while speaking with an accent in broken English; a supervisor's comments about illegal aliens and calling plaintiff "lazy 'Tina" in a way that she believed was related to her race. The same supervisor also made comments about plaintiff riding on a broom and needing a shot of growth hormone to enable her to hold a handheld controller, that plaintiff believed were hostile to her gender.

Contrary to defendants assertions, the pervasiveness or offensiveness of these comments depends not on what the other all-male, non-Hispanic employees believed but rather, on whether
12 - ORDER

a reasonable woman of Mexican descent would find this atmosphere so objectively hostile as to create a pervasively abusive environment.  *McGinest,* 360 F.3d at 1117.

Despite the deficiencies in defendants' argument, in this instance, plaintiff has not given sufficient evidence upon which to base her claim that any national origin or gender hostility was so severe or pervasive as to have unreasonably interfered with her working performance.  Because plaintiff has failed to provide evidence of a workplace so objectively hostile as to create an abusive environment, defendants' Motion for Summary Judgment on plaintiff's Title VII hostile work environment claims, is granted.

**D.    Retaliation claims:**

To establish a *prima facie* case of retaliation under 42 U.S.C. §2000e, a plaintiff must show: (1) involvement in a protected activity; (2) an adverse employment action taken against her and (3) a causal link between the two.   *Little v. Windermere Relocation Inc.,* 310 F.3d 958, 969 (9ᵗʰ Cir. 2002).

Plaintiff asserts that she received her negative evaluations from Mr. Singh in retaliation for her complaints about: her supervisors' comments; her lack of business cards; her allegedly disparate training opportunities; not receiving as many field assignments as those offered to her male co-workers; the allegedly racist and sexist comments made by various supervisors; and finally, for filing her formal gender discrimination

13 - ORDER

complaint with ODOT's HR department.  Plaintiff further contends
that her complaints were a protected activity and directly caused
Mr. Singh to give her the three negative evaluations (that were
later removed from her file) and the written reprimands.
Plaintiff offers sufficient deposition and documentary evidence
to support her assertions at least with regard to her formal
complaint to HR.

Defendants concede that plaintiff's formal complaint lodged
with HR constitutes a protected activity however, they argue that
plaintiff suffered no adverse employment action as a result of
it.  In support of their argument, defendants offer only Mr.
Singh's own affidavit saying essentially, that he did not
retaliate against plaintiff because she engaged in any protected
activity.

Thus, there are material facts in dispute with regard to
plaintiff's claims of retaliation which need a fact-finder to
evaluate and which are therefore inappropriate for summary
judgment.  Defendants' Motion for summary Judgment on plaintiff's
claims of retaliation is therefore denied.

**E.    42 U.S.C. §1983 claims against defendant Singh:**

Plaintiff asserts claims against her supervisor Mr. Singh
under 42 U.S.C. §1983.  Her claims are founded on the three
extremely negative performance evaluations and two written
reprimands  Mr. Singh gave her which, plaintiff believes, were
given because she had made formal complaints about the
14 - ORDER

discrimination she believed she was suffering.

Defendants counter that Mr. Singh is entitled to qualified immunity because his evaluations were done in an attempt to accurately evaluate plaintiff's performance and in a manner that a reasonable supervisor would believe was lawful.

Qualified immunity is an entitlement not to stand trial or face other burdens of litigation which is afforded to government officials performing discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Schwartz man v. Valenzuela,* 846 F.2d 1209, 1211 (9th Cir. 1988).(government officials performing discretionary functions generally are shielded from liability for civil damages.).  If the law did not put the employer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. *Malley v. Briggs,* 475 U.S. 335, 341 (1986)(qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.).

Plaintiff does not allege any facts avering that ODOT has unconstitutional policies or that Mr. Singh acted in a clearly unlawful manner.  Mr. Singh is therefore granted qualified immunity and all claims against him are hereby dismissed.

///

///

15 - ORDER

CONCLUSION

Based on the foregoing:

1.    Plaintiff's Response [#45], hereby construed as a
      Motion to Dismiss, is GRANTED.  Her age discrimination
      claims, all state claims and her claims brought
      pursuant to 42 U.S.C.§1981 are dismissed.

2.    Defendants Motion for Summary Judgment [#26], is
      GRANTED in part and DENIED in part as follows:
      GRANTED in that

            *    plaintiff's 42 U.S.C. §1983 claims against
                 Mr. Singh are dismissed; and

            *    plaintiff's Title VII claims of a hostile
                 work environment are dismissed; and

      DENIED with regard to

            *     plaintiff's Title VII disparate treatment
                 claims and

            *    her claims of retaliation pursuant to 42
                 U.S.C. §200e.

IT IS SO ORDERED.

DATED this ___23rd___ day of March, 2010.


                              Michael R. Hogan
                         United States District Judge


16 - ORDER